UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV-18-04735-MWF (KS) | Date: July 13, 2018 |
|---|---|---|
| Title: | Andrew Reder v. A.O.E. Law & Associates, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER REMANDING ACTION

Plaintiff Andrew Reder commenced this action for legal malpractice and unfair business practices in Los Angeles Superior Court. (*See* Notice of Removal ¶ 6 (Docket No. 1)). On May 29, 2018, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331 and § 1441. (*Id.* ¶¶ 9-10). On June 1, 2018, this Court notified the parties that, after reviewing the Notice of Removal, the Court was skeptical that it had subject matter jurisdiction. (Docket No. 7). The Court advised the parties that if convincing arguments in favor of exercising federal question jurisdiction were not presented, the action might be remanded. (*Id.*).

On June 5, 2018, Defendants A.O.E. Law & Associates, Inc., Anthony O. Egbase, Victoria T. Orafa, and Adam Apollo's filed a Motion to Dismiss (the "Motion"), filed on June 5, 2018. (Docket No. 8). The Court held a hearing on **July 2, 2018**, and declined to rule on the Motion to Dismiss due to the apparent lack of subject matter jurisdiction. At the hearing, Plaintiffs did not oppose the Court's suggestion that this action be remanded for lack of subject matter jurisdiction. However, Defendants requested additional time to be heard on the issue. The Court permitted Defendants to brief the issue, and now they have filed a Memorandum in Support of Subject Matter Jurisdiction (the "Memorandum"). (Docket No. 14).

For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over this action, and therefore **REMANDS** the action to the Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-18-04735-MWF (KS)                    Date:  July 13, 2018
Title:     Andrew Reder v. A.O.E. Law & Associates, Inc., et al.

Superior Court.  The Court does not reach the arguments presented in the Motion, which is **DENIED** *without prejudice as moot*.

I.     **BACKGROUND**

Plaintiff's action is for legal malpractice and unfair business practices against the attorneys whom Plaintiff previously retained as legal counsel in a separate bankruptcy action.  (Notice of Removal ¶ 8).

Plaintiff alleges as follows:  In 2010, Plaintiff entered into a joint investment with a friend, Paul Fisher, pursuant to which Plaintiff was required to make payments to Fisher on a promissory note.  (Complaint ¶¶ 8-9 (Notice of Removal, Ex. 1)).  In April 2012, Fisher filed an action against Plaintiff for failure to make payments.  (*Id.* ¶ 10).  Defendants advised Plaintiff not to answer the complaint, and a default judgement was entered against him.  (*Id.*).  Defendants further advised Plaintiff to file a Chapter 11 Bankruptcy Petition, which he did on December 11, 2013 (the "Reder Bankruptcy").  (*Id.* ¶ 11).  Defendants represented Plaintiff throughout the Reder Bankruptcy.  (*Id.*)

Plaintiff alleges that Defendants failed to adequately represent him in the Reder Bankruptcy or in the adversary action Fisher filed in the Reder Bankruptcy, and as a result, a series of adverse rulings were entered against Plaintiff and he suffered damages.  (*Id.* ¶ 27-29).

Based on the allegations described above, Plaintiff filed this action.  On May 29, 2018, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331 and § 1441.  (Notice of Removal ¶¶ 9-10).  Defendants contend that federal question jurisdiction exists because the legal malpractice claim is predicated upon Defendants' failure to adequately litigate the underlying bankruptcy action.  (*Id.* ¶ 8).  As noted above, the Court expressed skepticism.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-18-04735-MWF (KS)                Date:  July 13, 2018
Title:    Andrew Reder v. A.O.E. Law & Associates, Inc., et al.

## II. DISCUSSION

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

Section 1334(b) of Title 28 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009) (internal citation omitted). Here, Plaintiff has brought claims for legal malpractice, unfair competition, and fraud, and argues that there is federal question jurisdiction because determination of those claims requires determination of issues of federal bankruptcy law.

"For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted). The Supreme Court has held that the question of federal law must be substantial to the federal system as a whole, rather than merely substantial to the immediate suit and the parties to that suit. *Gunn v. Minton*, 568 U.S. 251, 260-62 (2013) (holding that a legal malpractice action regarding a prior patent action did not raise a substantial federal issue that conferred subject matter jurisdiction where "because of the backward looking nature of a legal malpractice claim, the question is posed in a merely hypothetical sense"). Hypothetical issues of federal law that are necessarily decided as part of legal malpractice claims generally do not satisfy this requirement. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-18-04735-MWF (KS)                    Date: July 13, 2018
Title:     Andrew Reder v. A.O.E. Law & Associates, Inc., et al.

In their Memorandum, Defendants argue that *Gunn* is distinguishable because the legal malpractice claim in *Gunn* was actually litigated in state court, and the plaintiff later argued on appeal that, because it concerned federal patent law, it should have been litigated in federal court. (Mem. at 2). Defendants assert that the Supreme Court in *Gunn* made a "ruling of not mandatory, but permissible state court jurisdiction" and that, because the issues here have not been litigated in state court, the *Gunn* ruling is inapplicable. (*Id.* at 2-3). While Defendants are correct that, in *Gunn*, the Supreme Court held that the federal court did not have exclusive jurisdiction over the legal malpractice action at issue, the Supreme Court's analysis of when federal issues are substantial enough to confer federal jurisdiction is still applicable here.

Moreover, other district courts have followed *Gunn* to remand similar actions for lack of subject matter jurisdiction. For example, the district court in *Ross v. Yaspan*, No. CV 12-7048-DDP (FFMx), 2013 WL 3448725 (C.D. Cal. July 9, 2013), was faced with a nearly identical scenario as the one presented here. In that case, the district court held that the plaintiff's legal malpractice and associated state-law claims did not "arise under" federal law, even though determination of the claims would involve consideration of federal bankruptcy law. *Id.* at *2. Relying on *Gunn*, the district court reasoned that "the resolution of the legal malpractice issue will not change the outcome of the bankruptcy case," and thus, the federal issue was not substantial. *Id.* The district court therefore remanded the action. *Id.* at *5. *See also Allergan, Inc. v. Ferrum Ferro Capital, LLC*, No. CV 15-992-JAK (PLAx), 2015 WL 12670417 *6 (C.D. Cal. Dec. 28, 2015) (relying on *Gunn* to dismiss action, finding that the federal patent issue was not substantial enough to confer federal question jurisdiction because the scope of the patent issue was only hypothetical as part of a state law claim); *Gerawan Farming, Inc. v. Townsend Townsend & Crew, LLP*, No. CV-10-2011-LJO (JLTx), 2013 WL 898634 *3 (E.D. Cal. Mar. 8, 2013) (relying on *Gunn* and remanding legal malpractice action because "the mere need to analyze federal law is insufficient for a finding that a substantial federal issue exists").

Here, Defendants argue that Plaintiff's complaint "on its face includes federal questions" because it calls for a determination as to whether Defendants breached their duty of care with respect to the litigation of the Reder Bankruptcy. (Notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-18-04735-MWF (KS)  Date: July 13, 2018
Title: Andrew Reder v. A.O.E. Law & Associates, Inc., et al.

Removal ¶ 9). In their Memorandum, Defendants attempt to argue that the federal bankruptcy issues are substantial enough to confer federal question jurisdiction here because they have "the effect to settle a gray-area of bankruptcy law" and "the potential to effect [sic] the underlying bankruptcy action in this case, as well as generally in bankruptcy law." (Mem. at 6). The parties in *Gunn* raised similar arguments, and the Supreme Court rejected them. *See Gunn*, 568 U.S. at 262-63.

The fact is that the federal issues to be decided in this action are entirely hypothetical, and only affect liability as to the legal malpractice cause of action. This is not an appeal from the underlying bankruptcy action. As in *Ross*, while the success of Plaintiff's state-law claims may depend on the consideration of questions of federal bankruptcy law, any such consideration will not actually impact the bankruptcy action, nor will it have any precedential value to bankruptcy law in general. Consequently, the federal issues are not substantial enough to confer jurisdiction on this Court.

Defendants request that, in the event the Court finds that there is no subject matter jurisdiction, the Court defer remanding the case and transfer it to the Bankruptcy Court pursuant to a yet-to-be-filed motion from Defendants. (Mem. at 3). They argue that "both Plaintiff's retainer in the underlying action, and the Order of the Bankruptcy Court employing Defendants as counsel in the underlying action mandates that the Bankruptcy Court has jurisdiction over any disputes arising from the employment thereunder." (*Id.*). The Court has reviewed these documents and has found no such mandate. Plaintiff's retainer merely states that "fees disputes are almost always resolved by the Bankruptcy Court." (Mem., Ex. 1 at 14). Given that the Court has concluded that it lacks subject matter jurisdiction, the appropriate course of action is to remand this action to the Superior Court.

## III.  CONCLUSION

Lacking subject matter jurisdiction, the Court has no occasion to reach the merits of the parties' arguments on the Motion, and therefore **DENIES** the Motion ***without prejudice as moot***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-18-04735-MWF (KS)  **Date:** July 13, 2018
Title:    Andrew Reder v. A.O.E. Law & Associates, Inc., et al.

---

The Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.